IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CECILE RUSSELL, as Personal Representative of the Estate of Kelsey Harris, deceased; WILLIAM P. PIPP, as Personal Representative of the Estate of Melinda Sue Pipp, deceased; and WENDY S. FUESS, as Personal Representative of the Estate of Billings S. Fuess, IV, deceased,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>Evelyn McGrath as Personal Representative of the Estate of BRIAN M. McGRATH and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>　　　　　Defendants. | C/A No. 3:15-cv-00713-JFA<br><br><br><br><br><br>**ORDER** |

　　　This matter is before the Court on Plaintiffs' Motion to Alter or Amend the Judgment (ECF No. 42) under Rule 59, Fed. R. Civ. P. Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore *et al.*, Moore's Federal Practice ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)(emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*,

277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Having reviewed the pleadings related to this motion, the Court finds oral argument would not aid in its decision-making process. In the view of this Court, the motion presents neither new controlling law, nor new evidence, nor points out a clear legal error of this Court — the motion is basically an attempt to reargue issues already fully briefed and decided by this Court. The Court understands that Plaintiffs' may disagree with this Court's ruling. Nevertheless, an appeal to the Fourth Circuit after entry of judgment is the proper method for seeking review of the aggrieving ruling.

For the above reasons, the motion to alter or amend the judgment is **DENIED**.

**IT IS SO ORDERED.**

October 14, 2015                                           Joseph F. Anderson, Jr.
Columbia, South Carolina                                   United States District Judge

2